Deaderick, J.,
delivered the opinion of the court:
The bill in this case was filed on the 24th of January,. 1872, by creditors of Robert Long, deceased, against his administrator, his heirs at law, and distributees, in the chancery court of McNairy county.
Robert Long died in September, 1866, and administration was granted upon bis estate by the county court of McNairy county, to A. M. Burton, at the following November term, and in 1871 said Burton resigned, and det-fendant Cherry was appointed administrator in his stead.
The hill alleged that the said Burton, at the March term, 1867, of the said county court, suggested the insolvency of the estate, and that the personal estate had been, exhausted in the payment of debts, and intestate owned at his death a tract of land described in the bill, which complainants pray may he subjected to the payment of their debts.
The answer contests the claims of the complainants chiefly upon the ground that they are barred by the statute of limitations of 2 1-2 and 6 years, and, as to part of them, that they are unjust and not proved. The answer is silent as to the allegation of the hill that Burton, the first administrator, had suggested the insolvency of the estate, but admits that some part of the land would have to he sold for payment of the debts.
Without detailing the specific facts proved in the record going t'o show that such suggestion was in fact made, we are of opinion that it does sufficiently and incidentally appear to have been made, and is treated in the progress *498 of the canse as a conceded and uncontested fact. While the fact of the appointment of each of the said administrators is distinctly admitted in the pleadings, the parties have taken the trouble to prove such appointments by the introduction of the records thereof, but have wholly omitted to .furnish any record evidence of the suggestion of insolvency, or steps thereafter taken upon such suggestion. As before stated, however, from the deposition of the clerk of the county court and others, to which no' exception was taken, we conclude that that suggestion was made, and claims filed for payment in said court from time to time, and that no active steps were taken to provide a fund for the payment of these debts until after the resignation of the first adminstrator, in 1871, and the appointment of the defendant, Cherry, as administrator de bonis non, and the filing of the bill in this case in January, 1872, for the sale of land.
The chancellor directed an account and report to be taken and made by the master as to the amount of indebtedness of the estate, the assets in the hands of the administrator, and the necessity of a sale of the land, etc.
The master reported some sixteen claims as valid and subsisting against the estate, but on exception taken, his report was recommitted, and the administrator excepted again to each claim allowed, separately, upon grounds stated in the several exceptions.
The first claim allowed and excepted to is an accepted order of 26th of August, 1856, for $650. The objection taken to this claim is that it is barred by the statute of limitations of 2 1-2 and 6 years, and was not properly filed and authenticated.
The evidence shows that the circuit court was closed after July, 1861, and chancery court after February, 1861, and reopened, respectively, in September, 1865, -and in 1866; that in March, 186T, the insolvency of-the estate of Long was suggested, and the claim in question; with *499 others "belonging to the same creditor, was filed with the clerk of the county court, 31st of October, 1867.
It has been several times held by this court, in substance, that the closing of the courts during the late war suspended the operation of the statute of limitations [Yancy v. Yancy], 5 Heis., 364; [Harrison v. Henderson], 7 Heis., 315.
Tbe courts closed in MbHairy, say July, 1861, less than five years after the acceptance, of the order, and, in 1865, the act [acts 1865, ch. 10] was passed, still further suspending their operation until January, 1867, and in October, 1867, the claim was filed, and demand of payment made, being less than sis years from the time the cause of action arose, excluding the time during which the statute of limitations did not operate, and less than one year after the grant of admins tration of Burton. The time was shorter as to each of the other two claims of the same creditor, Oriner, but Ho: 3, for $1,360, for other-reasons, was properly rejected as a debt due from the estate. The other claims excepted to were filed in due time, and established by sufficient evidence and exceptions thereto^ except Ho. 3, for $1,360, and Ho. 6, for $125.37, were overruled by the chancellor.
The decree of the chancellor in overruling the exceptions to the master’s report (except, the exception to Ho. 3, as above stated, and Ho. 6, amounting to $125.37, which were allowed), is affirmed, and the cause will be remanded to the chancery court that the chancellor’s decree may be carried out by such further orders and decrees as may be necessary for that purpose. .
The costs of this court will be paid by Cherry, the administrator, out of the assets of the estate.